**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

ELMER RODRIGUEZ JOVEL,

*Petitioner*,

v.

WARDEN, DELANEY HALL DETENTION FACILITY,

*Respondent*.

Civil Action No. 26-cv-12428

**MEMORANDUM ORDER**

October 15, 2026

**WHEREAS**, Petitioner Elmer Rodriguez Jovel ("Petitioner"), proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his continued immigration detention and seeking immediate release or a bond hearing, together with motions for temporary and expedited relief (ECF Nos. 1–4); and

**WHEREAS**, Petitioner asserts that his detention without a bond hearing violates the Due Process Clause of the Fifth Amendment (ECF No. 1); and

**WHEREAS**, Respondents oppose the Petition and submit documentary evidence establishing that Petitioner was issued a Notice and Order of Expedited Removal on May 25, 2013, was removed from the United States on July 4, 2013, and, following his subsequent reentry, became subject to a reinstated order of removal on July 26, 2026 (ECF No. 7 at 3, Exs. A–C); and

**WHEREAS**, pursuant to 8 U.S.C. § 1231(a)(5), when a noncitizen illegally reenters the United States after having been removed under a prior order, the prior order is reinstated from its original date, is not subject to reopening or review, and the noncitizen shall be removed under that

order. The Supreme Court has held that detention of a noncitizen subject to a reinstated removal order is governed by § 1231, rather than § 1226. *Johnson v. Guzman Chavez*, 594 U.S. 523, 531–33 (2021) (explaining that a reinstated removal order is administratively final and that detention is governed by the post-removal-period framework); *Guerrero-Sanchez v. Warden York County Prison*, 905 F.3d 208, 216–17 (3d Cir. 2018) (holding that § 1231(a), rather than § 1226(a), governs detention pursuant to a reinstated removal order); and

**WHEREAS**, the documentary evidence establishes that Petitioner is subject to a reinstated final order of removal and is detained pursuant to 8 U.S.C. § 1231(a), not § 1226(a). Accordingly, Petitioner's contention that he is entitled to a bond hearing under the pre-removal-order detention framework is without merit; and

**WHEREAS**, although detention under § 1231 is subject to constitutional limitations, the Supreme Court has recognized that post-removal-period detention is presumptively reasonable for six months, after which a noncitizen may obtain relief by demonstrating that there is no significant likelihood of removal in the reasonably foreseeable future. *Zadvydas v. Davis*, 533 U.S. 678, 699–701 (2001) (construing § 1231(a)(6) to avoid serious constitutional concerns arising from potentially indefinite detention). Petitioner has not established a basis for relief under that framework on the record presently before the Court; accordingly, the Court finds no basis to grant the requested habeas relief;

**IT IS**, on this 15th day of October, 2026,

**ORDERED** that the Petition for a Writ of Habeas Corpus (ECF No. 1) is **DENIED**; and it is further

**ORDERED** that Petitioner's Emergency Motion for Immediate Release Without Monetary Bond (ECF No. 3) and Emergency Motion for Expedited Consideration and Request for

Temporary Relief (ECF No. 4) are **DENIED**; and it is further

**ORDERED** that the restriction on Petitioner's transfer imposed by the Court's September 22, 2026 Text Order (ECF No. 5) is **LIFTED**; and it is further

**ORDERED** that the Clerk shall docket a copy of this Memorandum Order in *Rodriguez Jovel v. Warden, Delaney Hall Detention Facility*, Civil Action No. 26-9636 (D.N.J.); and it is further

**ORDERED** that the Clerk shall **CLOSE** this case.

**Hon. Karen M. Williams,**
**United States District Judge**